**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOSEPH EDWARD BOVIN BELSKIS, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 21-10322 (RBK) (AMD) |
| | : | |
| v. | : | |
| | : | |
| DAVID ORTIZ, et al., | : | **MEMORANDUM & ORDER** |
| | : | |
| Defendants. | : | |
| | : | |

Plaintiff is a former federal prisoner proceeding *pro se* with this civil complaint against numerous Defendants. Plaintiff initially filed this action in the United States District Court for the District of Maine. One of the Defendants, Barry Wisler, moved to dismiss the complaint for lack of personal jurisdiction. (*See* Dkt. No. 81). On April 26, 2021, the District of Maine granted Wisler's motion to dismiss for lack of personal jurisdiction, but also transferred this action to this Court. (*See* Dkt. No. 84). The remaining Defendants then moved to dismiss Plaintiff's complaint in this Court. (*See* Dkt. No. 91).

Thereafter, this Court discovered that Plaintiff had failed to sign his original complaint. Accordingly, after Plaintiff failed to file a signed complaint within the time allotted, this Court struck the complaint, administratively terminated the remaining Defendants' motion to dismiss and administratively terminated this case on March 1, 2022. (*See* Dkt. No. 100). One day later, on March 2, 2022, this Court received a letter from Plaintiff seeking an extension of time in which to file a signed complaint which was granted. (*See* Dkt. Nos. 101 & 102).

On April 18, 2022, Plaintiff filed a signed copy of his complaint. (*See* Dkt. No. 105). Subsequently, on April 27, 2022, this Court reopened this action, filed Plaintiff's signed complaint as the operative pleading, reinstated the remaining Defendants' motion to dismiss, and

granted and denied that motion in part. (*See* Dkt. No. 106-08). In the April 27, 2022 opinion, this

Court noted that Defendant Wisler was no longer a part of this action, despite Plaintiff again

naming him in his now signed complaint because the District of Maine had dismissed him as a

Defendant due to a lack of personal jurisdiction. (*See* Dkt. No. 106 at 2 n.1).

On May 9, 2022, Plaintiff filed a motion objecting to the dismissal of Wisler as a

Defendant. (*See* Dkt. No. 109). Before this Court rules on Plaintiff's motion, Defendant Wisler,

whose attorney has now entered an appearance in this case (*see* Dkt. No. 110), shall be ordered

to file a response to Defendant's motion. In addition to any other arguments Defendant Wisler

may make in his response, Defendant Wisler shall also expressly discuss the propriety of the

District of Maine's dismissal of Plaintiff's claims against him based on a lack of personal

jurisdiction in conjunction with also contemporaneously transferring this action to this Court.

Accordingly, IT IS on this 13th day of June, 2022,

ORDERED that Barry Wisler shall file a response to Plaintiff's motion of objection (Dkt.

No. 109) within twenty-one (21) days of the date of this memorandum and order; and it is further

ORDERED that Plaintiff may file a reply in response to Wisler's response within

fourteen (14) days thereafter; and it is further

ORDERED that the Clerk shall serve this memorandum and order on Plaintiff by regular

U.S. mail.

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

2